## Tammany *against* Whittaker.

The action of trespass to recover treble damages, given by the act of the 29th of March 1824, for cutting trees, can be maintained only by the owner of the land.

ERROR to the common pleas of *Huntingdon* county.

This was an action of trespass by Thomas Whittaker against Henry Tammany, given by the act of the 29th of March 1824, to recover treble damages for cutting timber trees from the land of another. An objection was made to the plaintiff's action, on the ground that he was but a tenant, and not the owner of the land; and the proof was, that his father was the owner of the freehold, and the plaintiff had lived upon the land, under his father's title, for fifteen years. The court instructed the jury that the action could be maintained, and they found accordingly against the defendant.

*Miles,* for plaintiff in error, contended, that the act of assembly gave the right of action to the owner of the land, who, by legal construction, is the tenant of the freehold; and cited, 1 *Chit.* 135; *Cro. Car.* 242; 1 *Saund.* 322, *n.* 5; Starr *v.* Jackson, 11 *Mass. Rep.* 519.

*Bell,* for defendant in error, cited, Addleman *v.* Way, 4 *Yeates* 218.

The opinion of the Court was delivered by

ROGERS, J.—This is an action of trespass to recover treble damages, given by the third section of the act of the 29th of March 1824. The question is whether the plaintiff, who was the tenant, can maintain the suit. The destruction of timber is an injury to the inheritance, and as the legislature doubtless intended not only to punish the offender but to make compensation to the person injured, there is a peculiar propriety in giving the damages to the owner or owners of the land, (the words used in the act) that is to the person to whom the thing belongs, the master or rightful possessor thereof; a description which does not apply to the character of tenant. If the owner assents, the timber may be felled with impunity; but the legislature never could have intended to confer such

[Tammany v. Whittaker.]

a power on a tenant.   As the act was designed for the protection of unseated lands, which are exposed to such depredations, the word owner would seem to be the appropriate term.   Besides, the remedy for the conversion is trover, to which a tenant is not entitled ; for timber, when severed, belongs to the landlord and not the tenant.

Judgment reversed.