## MORRISON v. BEDELL.

Trespass, to recover the statutory penalty for wilful cutting of trees cannot be joined with trespass for breaking and entering the plaintiff's close, nor with trespass for taking and carrying away goods.

Debt, and not trespass, is the proper remedy to recover such a penalty.

TRESPASS. The declaration contained six counts.

The first count alleged that the defendant, with force and arms, did fell five trees, each of which was more than one foot over, and was of the value of two dollars; and twenty-four poles, each of which was less than one foot in diameter, the property of the plaintiff, and standing on his land, upon which the defendant then was, without right and without leave from the plaintiff, the owner of the same, contrary to the form of the statute in such case made and provided; whereby and by force of the said statute, the defendant has forfeited to the plaintiff five dollars for each of the said trees, and three times the value thereof, and three dollars for each of said poles, making the sum of one hundred and twenty-seven dollars in the whole. The second count was in like form to recover the statutory forfeiture for cutting five trees or logs, lying on the plaintiff's land.

Morrison *v.* Bedell.

The third count was in the same form, for felling twenty other poles, standing on the plaintiff's land, at a different time.

The fourth count was in the same form, for felling twenty poles at still another time.

The fifth count was for breaking and entering the plaintiff's close, and cutting and destroying a large number of logs and poles.

The sixth count was for cutting, destroying, and carrying away a large number of the plaintiff's trees and poles.

The defendant pleaded generally to the whole declaration, soil and freehold in himself, to which the plaintiff demurred.

*C. R. Morrison,* for the plaintiff. The objection to the form of action cannot prevail. Trespass is more suitable than debt, because in its nature the act complained of is a trespass and the damages unliquidated, and because trespass is contemplated by the Revised Statutes, was provided by the former statute, and is fully warranted by authority. Rev. Stat. ch. 207, §§ 1, 5, and 9; Act of February 15, 1791; *Batchelder* v. *Kelley,* 10 N. H. Rep. 436; *Pierce* v. *Spring,* 15 Mass. 489; *Newcomb* v. *Butterfield,* 8 Johns. Rep. 264; *King* v. *Homans,* 25 Wendell, 420; *Hubbell* v. *Rochester,* 3 Cowen, 115; *Morris* v. *Brush,* 14 Johns. Rep. 328; 1 Cowen, 175; Ib. 160 and 584; 17 Wendell, 88; *Cole* v. *Eagle,* 8 Barn. & Cres. 409; *Willard* v. *Warren,* 17 Wendell, 257; Oliver's Precedents, 2d ed. 566; *Hubbard* v. *Hubbard,* 3 Shepley, 198; *Prescott* v. *Tuffts,* 4 Mass. 146; *Montague* v. *Papin,* 1 Missouri Rep. 757; *Byrne* v. *Harris,* Minor's (Ala.) Rep. 286; 3 Watts, 221; Com. Dig. Action on Statute C.; Salkeld, 212.

If the law were otherwise, the objection cannot be taken by demurrer, because, in all the counts, the plaintiff alleges that the acts complained of were done with force and arms, and this of itself gives a right of action at common law. What follows is only important on the question of damages; and if the statutory penalty cannot be recovered in this form of action, the defendant should make his objection on trial. 1 Chitty's Pl. 199, (9th Am. ed.)

There is no provision made by the statute for the case, where, in an action of debt before a Justice of the Peace the defendant pleads a special plea, by which the title to real estate may be drawn in question; hence we infer that debt for cutting trees was not contemplated; because the person charged with such tort clearly should have the right to draw in question the title to real estate.

Another argument in favor of the action of trespass is, that in this form of action trespass for the penalty might be joined with trespass at common law; and if the plaintiff failed to show that the injury was malicious, he might still recover the damages, which he proved that he had sustained, and a claim for the statutory damages and for the actual damage may be conveniently determined in the same suit. The two causes of action could not be joined in debt.

*J. S. Bryant,* for the defendant.

PERLEY, J. The plea of soil and freehold is no answer to the count in the plaintiff's declaration for taking and carrying away goods; and, being pleaded to the whole declaration, and bad as to part, it is bad for the whole.

The defendant objects to the plaintiff's declaration, that the form of action is misconceived, and the causes of action misjoined. These objections, if well founded, are both substantial and not waived by pleading over.

Can the action of trespass be maintained to recover the penalties claimed in the first four counts of the declaration?

The Revised Statutes, chap. 207, § 1, provide as follows: " If any person shall cut, fell, destroy, or carry away any tree, wood, timber, or underwood whatsoever, standing, lying, or being on the land of any other person having no right there, without leave from the owner," " or shall aid therein, he shall forfeit for each trespass to the party injured, five dollars for every tree or log of one foot over; for every tree or log of greater dimensions, five dollars, and three times the value thereof, and three dollars for every tree, log, or pole, less than one foot in diameter, and for other wood or underwood treble the value thereof."

Morrison *v.* Bedell.

Sections 2, 3, and 4, of the same chapter, give penalties for other malicious injuries, and section 5 provides that, " in any case which may arise under the preceding sections, the plaintiff may proceed as at common law; or the plaintiff, his agent, or attorney, may make oath that certain acts, set forth in the declaration, have been committed, and he suspects that the defendant committed such acts; and the Court upon such and other evidence to be offered by the plaintiff may award him damages and costs as aforesaid, unless the defendant shall acquit himself upon oath to be admitted by the Court."

By section 1 of chapter 211, it is provided that " all penalties and forfeitures may be recovered by action of debt before a Justice of the Peace, if such penalty or forfeiture do not exceed $13.33 ; otherwise, before the Court of Common Pleas."

The former statute, of 1791, gave the action of trespass as the remedy for penalties similar to those demanded in this suit. The Revised Statutes do not provide the action of trespass as the remedy, either expressly or by any fair implication ; for the term " *trespass*," used in the statute, must be considered as merely descriptive of the act which is made the foundation of the forfeiture, and cannot be understood as intended to prescribe or give the form of action.

To recover a forfeiture under this statute, the plaintiff must prove a wilful and malicious trespass. The statute was not intended to give a new mode of trying disputed titles. *Batchelder* v. *Kelley*, 10 N. H. Rep. 436.

The recovery under this statute is strictly and solely for a forfeiture and penalty. In the terms of the act, the wrong-doer " *shall forfeit and pay* " the several sums named for the different wrongful acts enumerated, not in the name or nature of damages, or as compensation to the owner for the injury he has sustained, but as a penalty for his wrongful and criminal act. The plaintiff in his declaration sets out his claim properly as a demand for the statutory forfeiture. There is no allegation, and ought to be none, that the defendant broke and entered the plaintiff's close, took and carried away his trees, trod down the grass and herbage, nor any averment or claim of damages for

any injury done to, or on, his land. But he charges that the defendant committed the wrongful acts for which the statute gives the penalty, and avers that by force of the statute, the defendant has forfeited the sums claimed.

In declaring, the *plaintiff* necessarily relies on the statute ; because his right of action is created by the statute, and is entirely distinct from the common law right to recover damages for the actual injury sustained, and a recovery of the forfeiture would probably be no bar to an action for damages. It is certainly difficult to understand how such a recovery could be pleaded in bar of a subsequent action of trespass at common law. It is not, however, necessary to determine this point ; and perhaps the recovery under the statute might be considered as a satisfaction, on the ground that the statute is substantially remedial, and the plaintiff having chosen the statutory remedy, would be bound by his election. *Mason* v. *White*, 1 Pick. 456 ; Com. Dig. action on Statute, (C.) ; *Champernon* v. *Hill*, Yelverton, 63.

Whatever may be the effect of a remedy under this statute, in a subsequent suit at common law, it is plain that the action is for the recovery of a forfeiture and penalty, and not for damages.

Where a statute merely provides for increased damages or increased costs, the cause of action is not created by the statute ; the remedy is not for a penalty or forfeiture. And it is not necessary to declare on the statute, though the facts and circumstances necessary to bring the plaintiff within the statute are in such cases sometimes set out in the declaration ; the action is at common law, and the statute does nothing more than change the rule of damages, or the law of costs. There is little legal resemblance between such a statute modification of remedy for an existing cause of action and a case like this, of a forfeiture and penalty created by statute. *Clark* v. *Worthington*, 12 Pick. 571 ; *Worcester* v. *Canal Bridge*, 16 Pick. 549 ; *Cross* v. *The United States*, 1 Gallison, 29.

This broad and very intelligible distinction between a forfeiture created by statute, and a mere change by statute in the rule of damages or law of costs, disposes of by far the largest propor-

tion of the numerous authorities which the laudable industry of the plaintiff's counsel has collected. It applies to the cases cited from 15 Mass. 489; 8 Johns. Rep. 264; 14 Johns. Rep. 328; 1 Cowen, 175; Ib. 160; Ib. 584; 8 Ib. 115; 17 Wend. 257; 25 Ib. 420; 3 Shepley, 198; 8 Barn. & Cres. 409; Salkeld, 312; 4 Watts, 221. In 17 Wend. 88, the action was *case* for a penalty where the statute did not prescribe the remedy, and it was held sufficient. *Bachelder* v. *Kelley,* was under our former statute, which gave trespass as the remedy.

Indeed, we have seen no case in which it has been held, that where a statute created a forfeiture, and provided no mode of recovery, trespass was the proper remedy; nor have we met with any precedent of a declaration in trespass to recover a penalty in such a case, though there are precedents of declarations in trespass setting out the facts necessary for the recovery of increased damages or full costs given by statute. 2 Chitty's Pl. 436; 9 Wentworth, 158.

On the other hand, the books abound with authorities to show that debt is the proper form of action to recover a penalty or forfeiture created by statute, where no other remedy is prescribed. That form of action is suited to the nature of the claim. In this suit, those counts of the plaintiff's declaration, in which he demands these forfeitures, have all the usual allegations of a declaration in debt, and are trespass only in name; and this must be the case in every declaration, that properly describes the cause of action. *Adams* v. *Woods,* 3 Cranch, 341. And it is no objection to maintaining debt for the recovery of a forfeiture, that the amount may depend on the finding of the jury. *Warren* v. *Doolittle,* 5 Cowen, 678; *Cross* v. *The United States,* 1 Gallison, 26.

Debt is the proper remedy to recover the treble value for not setting out tithes under the statute 2 and 3 Ed. VI. ch. 13, Com. Dig. Pleader, 2, S. 14; *Wybord* v. *Tuck,* 1 Bos. & Pul. 458. See the Statute, 3 Burns Ec. Law, 534.

And debt is the proper remedy to recover a forfeiture, though the wrongful act of the defendant is forcible in its character, and a trespass at common law; for debt is the action used to recover

a statutory penalty for catching fish in the plaintiff's pond. 7 Wentworth's Pl. 130 and 222; and for hunting in his standing corn. 7 Wentworth's Pl. 246.

An examination of the authorities brings us to the conclusion that, by the general principles of pleading, the plaintiff's claim being on the statute for a forfeiture, and not for damages, single or increased, trespass cannot be maintained.

And we can find nothing in our statutes, or in our local practice, that leads to a different result. On the contrary, the Revised Statutes, as before cited, by a general provision clearly applicable to this case, enact, that all penalties and forfeitures may be recovered in an action of debt, before a Justice of the Peace, if the case falls within his jurisdiction; otherwise, in the Court of Common Pleas. Here the forfeiture is created, and the remedy given by statute; and that remedy is the same, which, on general principles of pleading, the law would have furnished to the party, if none had been specially provided. The former statute gave trespass; the omission of that provision in the Revised Statutes, and the introduction of a general enactment, giving one convenient remedy for the recovery of all forfeitures and penalties, afford strong ground to infer that the intention of the legislature was, to establish uniformity in the mode of recovering all penalties and forfeitures. Without undertaking to decide that no action but debt can in any case be maintained for a penalty or forfeiture under our statutes, the provision giving that remedy certainly fortifies us in the conclusion that trespass will not lie in this case.

But it is said that if trespass were not allowed, the claim for the forfeiture could not be joined with trespass at common law for the same injury; and that the two claims may be conveniently prosecuted together.

It might, doubtless, sometimes suit the views of a plaintiff to sue in trespass at common law, and in the same action include a claim for these forfeitures. In that way he might, perhaps, try his chance for a large amount in the shape of the statutory penalty, without increasing his risk in the prosecution of his demand for the actual damage he had sustained. But the incon-

Morrison *v*. Bedell.

venience and embarrassment of the defendant would be at least in equal proportion.    He would be compelled to defend himself, in the same suit, against two separate charges for the same act; and those charges different in their natures, and followed by far different consequences ; and, besides, the statute provides, in the demand for the forfeiture, a special mode of trial by proof not admissible in the other charge.    The two claims are founded on the same wrongful act.    How can they be conveniently or fairly tried together when the evidence which the statute has made competent to charge the defendant with the forfeiture, is incompetent and illegal on general principles to prove the same act in the other cause of action ?

Besides the inconvenience and embarrassment to the defendant, uniting these two causes of action in one suit would tend to increase the complication and extent of trials already sufficiently great in our practice.    We think, therefore, that the argument from convenience, instead of making for the plaintiff on this part of the case, is very decidedly against him.

It is further said that trespass must be allowed in this case, because if the action were debt, and a question of title should arise before a Justice of the Peace, the statute makes no provision for removing the cause to the Court of Common Pleas, and the suit would fail.

By the statute and by the constitution no action can be tried before a Justice of the Peace, in which the title to real estate is " concerned," or " drawn in question ; " and when a question of title to real estate is raised before a Justice of the Peace, his jurisdiction over the cause is gone.    In actions of trespass such questions are prohibited by the statutes to be raised before a Justice of the Peace, except by plea ; and by the plea his jurisdiction is taken away and the cause removed to the Court of Common Pleas.

In other forms of action a question of title to land may be raised sometimes by plea, and at others, incidentally in the course of the proceeding, without plea ; but whenever the question is raised, by plea or otherwise, the jurisdiction of the justice ceases and the suit abates, or is removed to another Court.

The statute has provided for saving the action by transfer to another Court in trespass, the form of action in which such questions most frequently arise; but in other forms of action, when a question of title to land arises, the proceedings before the justice are arrested and the suit is lost. The same result follows in other Courts of limited jurisdiction, where a question arises by plea or otherwise, which they have not power to decide. In *Quimby* v. *Melvin*, (Hillsborough, Dec. 1849,) it was held, that, in a petition for partition before the Judge of Probate, his jurisdiction was taken away by a question of title not raised by plea, but arising on the report of a committee sent to make partition.

This objection to debt would lie with equal force against other forms of action, in which questions of title to land may arise before a Justice of the Peace; to replevin for cattle taken *damage feasant*, where an avowry puts the title to land directly in issue; to case for injury to a reversionary interest; to debt or assumpsit for rent, in which the title to land is frequently involved on a question of eviction and otherwise; to trover for timber, taken from land claimed by the plaintiff. The objection, applying to all these cases, is too broad to be available, and fails to satisfy us that the legislature must have intended to allow the action of trespass in this case, for the sake of giving particular encouragement to small suits before Justices of the Peace, for the recovery of these penalties.

The ground is also taken for the plaintiff, that in those counts of his declaration in which he demands the statutory forfeitures, the gist of the action is the forcible injury alleged to have been done to the plaintiff's property by the defendant; that this is properly charged in trespass at common law, and is the gist of the action; and the claim of the forfeiture, incidental and important only on the question of damages.

In those counts there is no charge of any act done, except those which by the statute are made the cause of the forfeiture; there is no allegation that the plaintiff has suffered any damage, nor any claim of damages; the plaintiff demands the forfeiture, and nothing else; and that forfeiture, he alleges, has accrued to

him by force of the statute. The claim of the forfeiture is not only the principal, but the sole cause of action set out in those counts. Even if these counts sufficiently charged a trespass at common law, yet, as they claim the statutory forfeiture and conclude against the form of the statute, nothing could probably be recovered but the penalty.

*The Mahew Turnpike* v. *Morse,* (tried some years since in Grafton County,) was debt on a statute to recover a penalty for running toll on the plaintiff's road, and the declaration set out facts sufficient to entitle the plaintiff to recover the single toll. The plaintiffs moved to amend by striking out the claim for the penalty; and the motion was denied by *Parker,* C. J., on the ground that the action, as it stood, was on the statute to recover a penalty, and the amendment would change the cause of action and introduce a new one.

The Court being of opinion that trespass cannot be maintained on this statute, it would not be necessary, for the decision of this demurrer, to consider the other question, whether, supposing trespass to be the proper remedy, a claim for these forfeitures could be joined in the same suit with trespass *quare clausum fregit* or *trespass de bonis.* But the question has been raised and argued in this case, and an amendment may be allowed in our practice after demurrer. It may therefore be convenient for the parties to understand the views of the Court on this point.

What causes of action may be joined in the same suit is a question which has been a good deal discussed in the books, and attempts have been made to lay down some general rules on the subject. But, for new cases, not controlled by direct authority, it has not, it would seem, been found easy to fix on any infallible test. They must, it is said, belong to the same form of action. But debt and detinue, though different forms of action, may be joined.

Whether the causes of action admit the same plea, has been sometimes laid down as the criterion. But debt on a judgment and debt on a simple contract, though requiring different pleas, may be joined.

Again, it is said to be an invariable rule, that causes of action in the same form, and requiring the same plea and judgment, may be joined; but the converse of this rule by no means holds true; for debt and detinue may be joined, though in different forms of action, and requiring different judgments.

And Comyn, in his Digest, Action G., states the law to be that, an action on a statute cannot be joined with an action at common law. He cites Jenkins, 115, as his authority; and Comyn is himself an authority, and among the highest, especially on a question of pleading. The rule in Comyn may not be of universal application; but where the forfeiture is given for an act of a malicious and criminal character, — and in the construction of the statute, a malicious and criminal intent must be proved on trial, in order to make out the charge, — there appear to be very strong reasons, in the nature of the case, for holding that the action on the statute cannot be joined with a claim of compensation for a mere civil injury.

The cases would seem to show that the struggle of the courts has been hard, and by no means entirely successful, to fix on some general and uniform rule for the decision of these questions. *Dickon* v. *Clifton*, 2 Wilson, 321; *Mast* v. *Goodson*, 3 Wilson, 354; 2 Saund. 117, note b., c., and d.

It is unfortunate for this purpose that one of the tests, and that which appears to have been regarded as most decisive, no longer exists in practice, and therefore cannot be applied to new cases. For the *judgment*, to which the authorities on this subject refer, was not the judgment that the plaintiff recovered for the redress of his own injury, but the consequential judgment awarded against the defendant, in some cases for a fine, and in others for an amercement. If the judgment was a *quod capiatur pro fine*, the defendant's body was taken and held imprisoned till he paid a fine to the king. If the judgment was a *quod sit in misericordia*, his goods were seised and detained until an amercement was affeered before the coroner. The law did not in general allow two causes of action to be joined, for one of which the judgment would be against the body of the defendant, and for the other against his goods.

No judgments of this nature have ever been known in our practice; and since the statute of 5 and 6 Wm. & Mary, they have not been rendered in England. *Lindsey* v. *Clarke*, 5 Modern, 285.

The general principle, in the absence of authority applicable to the particular case, must be, that when two causes of action are of the same nature, where they may be conveniently and fairly tried together, and where the judgment for the plaintiff is of the same effect, so that the defendant cannot be embarrased on trial, nor oppressed by two different executions, they may be joined.

Some of the inconveniences that would attend the trial of a claim for these penalties in the same suit with a demand at common law would be : — One demand would be of a civil and the other of a criminal nature. The statute provides for a peculiar mode of trial in a suit for the penalty, and allows evidence, which would be incompetent in a trial of the other demand; the limitation of the two causes of action is different, which, to be sure, is not of itself decisive, but tends still further to complicate the case. And the judgment would also be of different effect; for in trespass at common law, unless the Judge certify the trespass was malicious, the defendant may give bond and be discharged from arrest on execution. But judgment for the forfeiture necessarily involves a malicious act of trespass; and it is perhaps doubtful whether the defendant can be admitted to take the poor debtor's oath at all, when taken in execution for a penalty. Rev. Stat. ch. 211, § 12.

These are strong grounds for holding that a claim for a forfeiture under this statute cannot be joined with trespass at common law; and we have the high authority of Comyn's Digest for the general rule, that an action on a statute cannot be joined with a suit at common law.

On the reason of the case, and on authority, we are of opinion that the causes of action cannot be joined.

*Judgment on the demurrer, for the defendant.*