## CRAIG v. GERRISH.

A person injured by a dog has an election to bring an action upon *s.* 7, or upon *s.* 8 of *c.* 105, of the Gen. St.

Gen. St., *c.* 105, *s.* 8, is a penal statute, and is not unconstitutional—*Orne* v. *Roberts*, 51 N. H. 110, affirmed.

A witness, not an expert, who saw a wounded person, may describe the wound as inflamed and tender to the touch, and may testify that he complained of stiffness in the fingers and in the neck and jaws, and that since the injury he had observed that the person injured could not use his arm as he could before.

DEBT, under Gen. St., *c.* 105, *s.* 8. The evidence tended to show that the plaintiff was bitten by a dog kept on the defendant's premises, June 21, 1876. A witness, who saw the plaintiff two days after she was injured, described the wound and its appearance as being inflamed or tender to the touch, and was allowed to testify, subject to the defendant's exception, that she then complained of stiffness in the fingers and in the neck and jaws, and that since she was injured he had observed that she could not use her arm as she could before.

The defendant moved for a nonsuit,—first, because the plaintiff's damages had never been liquidated by a judgment or otherwise ; and, second, because the statute on which the action is founded is unconstitutional. Motion denied, and the defendant excepted.

Verdict for the plaintiff ; and motion for a new trial, because the damages were excessive, denied.

*Hatch* and *Rollins*, for the defendant.

*Frink* and *Page*, for the plaintiff.

STANLEY, J. It was competent for the witness to state the complaints made by the plaintiff, and how she used her arm after the injury. *Perkins* v. *R. R.*, 44 N. H. 223 ; *Howe* v. *Plainfield*, 41 N. H. 135 ; *Spear* v. *Richardson*, 34 N. H. 428.

The question raised by the first ground of the motion for a nonsuit is decided in *Orne* v. *Roberts*, 51 N. H. 110 ; and we see no reason to change it. The second ground of the motion was, that the statute, authorizing the recovery of double damages, is unconstitutional. It is conceded, that, if it is a penal statute, it is not open to this objection. The language used, " shall forfeit to the person injured * * * to be recovered in an action of debt," conveys that idea. Forfeiture implies that the double damages are a penalty. It was to discourage the keeping of such dogs that the penalty was imposed. Again : the remedy for the recovery of the penalty is debt, and this is the remedy peculiarly appropriate to recover penalties and forfeitures. It is

the remedy where no other is prescribed. It is suited to the nature of the claim. *Morrison* v. *Bedell*, 22 N. H. 234; *Barnett* v. *A. & P. R. R.*, 68 Mo. 56.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.