BACHELER *& a. v.* NEW HAMPTON.

The reference of a petition for a highway to the commissioners without objection after an appearance, is a waiver of all objections to the form of the petition and to the preliminary proceedings.

Section 14 of *c.* 67, Gen. Laws, does not require a highway laid out under that section to be laid subject to gates and bars.

In the laying out of a highway it is not necessary that the *termini* should be described in the exact language of the petition; it is sufficient if the laying out conforms substantially to the prayer of the petition.

PETITION for a highway.   The petition represented "that for the accommodation of A. W. Bacheler there is occasion for a private highway in the town of New Hampton, beginning at the bound on the westerly side of the road leading to the house known as the John Hanaford house, southerly and westerly crossing Dickerman's brook at a point thirty feet south of the old glove-mill bridge, westerly to bounds opposite the westerly side of the road owned by the petitioners   *   *   *."   At the March term, 1880, the defendant appeared, and the petition was referred to the county commissioners without objection.   After a hearing, the commissioners reported that they had laid out a highway "beginning at a bound in the centre of the highway leading from Main street in New Hampton village, at the forks of the road leading to the

John Hanaford house, across Dickerman's brook, so-called, running (courses and distances) to end of highway as laid out this day * * *." The original petition to the selectmen did not represent that the highway prayed for was required for the accommodation of any designated individual. Before making their petition to the selectmen, the petitioners placed a stone at a point intended for one terminus, and two stones at a point intended for the other, and these were pointed out at the hearing before the commissioners as the *termini* intended and described in the petition. The petitioners moved for judgment on the report. The defendants objected, (1) because of the uncertainty of the *termini* of the road prayed for; (2) because of the intermediate bound stated in the petition; (3) because the petition to the selectmen omitted to state for whose accommodation the road prayed for was to be laid; (4) because the petition did not request that the highway be laid out subject to gates or bars, and it was not so laid out; (5) because the *termini* named in the report of the commissioners vary from those described in the petition. The court ordered judgment on the report, and the defendants excepted.

*Wilson* and *Jewell*, for the defendants.

*Whipple*, for the petitioners.

CLARK, J. The first three objections, and the first clause of the fourth, relating to the form of the petition and to the preliminary proceedings, were waived by the reference of the petition to the commissioners without objection after appearance by the defendants. *Hardy* v. *Keene*, 54 N. H. 449; *Steele's Petition*, 44 N. H. 220; *State* v. *Richmond*, 26 N. H. 232, 242. As a general rule, objections should be made at the first opportunity, to avoid unnecessary expense and delay. A party cannot fairly avail himself of an objection held in reserve, which seasonably urged would have avoided the useless expense of an unsuccessful attempt to sustain his case on other grounds; and ordinarily objections not insisted on at the earliest time when they can be presented are regarded as waived.

It was not necessary, as matter of law, that the selectmen should lay out the highway subject to gates or bars across it. They were not required to lay it subject to gates unless they deemed it proper and expedient. Laws 1848, *c.* 742, *s.* 1; Laws 1850, *c.* 957, *s.* 1; C. S., *c.* 52, *ss.* 12, 13; Gen. Laws, *c.* 67, *s.* 14.

The first and fifth objections are not well founded in fact. There is no apparent uncertainty in the petition as to the *termini* of the highway prayed for. It appears that the bounds described in the petition were set up before the original petition to the selectmen was drawn; and that they were pointed out at the hearing before the commissioners as the *termini* intended and described in the

petition. Nor does it appear that the *termini* of the highway as laid vary from those named in the petition. It is not necessary that they should be described in the language of the petition; it is sufficient if they are substantially the same in fact. *Proctor* v. *Andover*, 42 N. H. 348, 354; *Stevens* v. *Goffstown*, 21 N. H. 454; *Smith* v. *Conway*, 17 N. H. 586.

*Exceptions overruled.*

FOSTER, J., did not sit: the others concurred.