## QUIMBY *v.* WOODBURY.

The doctrine of contributory negligence applies in an action to recover double damages, under Gen. Laws, c. 115, s. 11, for an injury done by a dog.

DEBT, on the statute (G. L., *c.* 115, *s.* 11), to recover double damages sustained by the plaintiff from being bitten by the defendant's dog.

It appeared that at the time of the injury the dog was in the plaintiff's pasture barking by a hole in the wall, and the plaintiff went to drive it away; but as to what he did in his efforts to effect that purpose, and whether his conduct and treatment of the animal were proper and reasonably necessary to that end, or whether he brought the injury upon himself by his ill-treatment of the dog, and by want of due care to avoid the injury, the evidence was conflicting.

The jury were instructed as follows: "The plaintiff had the legal right to expel the dog from his premises, doing whatever was reasonably necessary to effect his expulsion, acting with due care to prevent being injured; and if in the attempt to expel the dog he acted with due care, using such means only as were reasonably necessary, and was bitten, he can recover. If the plaintiff was bitten in consequence of not using due care in his conduct towards the dog, or if he wilfully, recklessly, or needlessly irritated or aggravated the dog, and in consequence of such conduct was bitten, he cannot recover, because the injury he received would be the result of his own carelessness or recklessness."

The plaintiff excepted to that part of the above instruction which required proof of due care from him, and requested the court to charge that "the burden of proof is upon the defendant to establish the fact that the plaintiff, at the time he was bitten, was in the commission of a trespass or other tort." This instruction was refused, and the plaintiff excepted.

The jury did not agree, and on motion of the plaintiff, the questions raised by the foregoing exceptions were reserved for the opinion of the court.

*Copeland & Jones*, for the plaintiff. The statute, under which this action is brought, apparently originated in the idea that much damage was done by dogs for which the person injured had no remedy at common law, by reason of the practical difficulty of charging the owner with knowledge of the mischievous character of the dog; and therefore, assuming that all dogs are naturally dangerous, and withal of little utility, it was thought best to make the owner or keeper of such animals liable absolutely for all injuries caused by them, unless the person injured was himself a

wrong-doer, engaged in committing a trespass or other tort. *Bellows*, C. J., in *Orne* v. *Roberts*, 51 N. H. 113.

The statute practically imposes a fine for keeping or harboring dogs, and so is a penal statute which is to be construed strictly. *Woodbury* v. *Thompson*, 3 N. H. 197; *Pike* v. *Jenkins*, 12 N. H. 255; *Wood* v. *Adams*, 35 N. H. 32, 36, and cases cited.

The statute makes one exception to the rights of the person injured to recover damages, and that is the case when he is injured while himself in the commission of a trespass or other tort. The maxim "*Expressio unius est exclusio alterius*" applies.

In the case of the somewhat similar statute, which imposes upon railroad companies absolute liability for injuries caused by fire from their locomotives, this court hold that the doctrine of contributory negligence does not apply. *Rowell* v. *Railroad*, 57 N. H. 132.

*Chase & Streeter*, for the defendant. If the plaintiff "wilfully, recklessly, or needlessly irritated or aggravated the dog, and in consequence of such conduct, was bitten, he cannot recover." In such case the proximate cause of the injury is the plaintiff's wilful, reckless, or needless act.

The natural way for a dog to repel irritation, insult, or injury is to bite; his instinct urges him to do so under such circumstances. Dr. Watts's lines,—

> "Let dogs delight to bark and bite,
> For God hath made them so,"—

truly express the nature of such animals. A man who irritates, abuses, or cruelly treats a dog excites into active operation against himself these natural forces, which, until the exciting cause, were dormant and harmless; and if he receives an injury from the dog when thus excited, he receives it as truly from his own act as he would if he shot himself, or did himself bodily harm by exciting into activity any other of nature's forces. He cannot recover damages of the owner of the instrument which he uses wilfully or recklessly to his injury. Big. Torts 248 *et seq.*: 1 Ad. Torts, s. 265; Cool. Torts 346; *Sarch* v. *Blackburn*, 4 C. & P. 297; *Curtis* v. *Mills*, 5 C. & P. 489; *Partlow* v. *Haggarty*, 35 Ind. 178; *Williams* v. *Moray*, 74 Ind. 25—*S. C.*, 39 Am. Rep. 76; *Coggswell* v. *Baldwin*, 15 Vt. 404; *Keightlinger* v. *Egan*, 65 Ill. 235; *Munn* v. *Reed*, 4 Allen 431; *Plumley* v. *Birge*, 124 Mass. 57; *Marble* v. *Ross*, 124 Mass. 49; *Denison* v. *Lincoln*, 131 Mass. 236.

But the plaintiff argues that these views are not applicable in this action because of the peculiar provisions of the statute under which it is brought. That statute (G. L., c. 115, s. 11) provides that "every owner or keeper of a dog shall forfeit to every person injured by it" double damages. This makes the owner or keeper liable for damages done by the dog, not for such as are brought upon a party by his own acts of commission or omission, although

the dog is the instrumentality that does the injury. If a man keeps a dog to guard his premises, and a burglar, in attempting to subdue the dog so that he may rob the premises, is bitten by it, we do not suppose the burglar would have an action against the keeper under this statute, although he was injured by the dog. If the keeper of a dog should warn a person not to go near his dog because he was vicious and liable to bite, and that he would not be responsible for the consequences if he did, and the party intentionally or carelessly disregarded such warning, and was injured in consequence, we think the statute would not hold the keeper responsible. And so where the injury is brought upon the party by his own acts in any other way. The question in each case is, Did the injury result immediately and proximately from the dog, or from acts of commission or omission of the party himself? And that is a question for the jury.

At common law, to make the owner of a dog liable for injury from its bite, it is necessary to show that he has knowledge that the dog is accustomed to bite. It is often difficult to do this; and one reason for the passage of the statute undoubtedly was to remedy this difficulty. But to remedy the difficulty it is not necessary to make the owner or keeper of the dog responsible for such of its acts as are occasioned by the injured party.

It is further said that the statute is penal, and should be strictly construed. To limit the application of this statute to cases where a dog causes an injury to a person without any fault on the part of such person, would be a strict construction of it; but to apply it to a case where the person by his own acts directly induces the dog to injure him, would be a very liberal construction, and would result in the punishment of one person for the acts of another, and, what is worse, would give the fine imposed to the party in fault.

CLARK, J. The principle of law which requires the exercise of reasonable care to avoid doing injury to others, requires also the exercise of reasonable care to avoid being injured by the negligence of others, and as a general rule one cannot recover compensation for an injury occasioned by the mere negligence of another, which he might have avoided by the exercise of reasonable care. If the injury would not have happened to him but for his own want of ordinary care, he cannot legally charge to the negligence of the other party the consequences of his own carelessness. And this doctrine of contributory negligence applies to cases of injury by animals. Cool. Torts 346; 1 Ad. Torts, s: 261; Shear. & Red. Neg., s. 199.

It is contended that the common-law rule has been changed by G. L., c. 115, ss. 10, 11, and that the doctrine of contributory negligence does not apply to cases arising under the statute. The provisions of the statute are as follows: " Sec. 10. Any person to whom or whose property any damage may be occasioned by a dog

not owned or kept by said person, shall be entitled to recover of the person who owns, or keeps, or has said dog in possession, all damages which may be so occasioned, except in cases where the same have been occasioned to the party suffering such damage while engaged in the commission of a trespass or other tort." "Sec. 11. Every owner or keeper of a dog shall forfeit to every person injured by it double the amount of the damage sustained by him, to be recovered in an action of debt." The action is brought under section 11, and it is claimed that under this statute the liability of the owner or keeper of a dog is not affected by the negligence of the person injured. It is said that the statute is penal and should be construed strictly, and that its terms impose an absolute liability.

The statute is neither distinctively penal nor remedial. It is so far penal that it is not unconstitutional by reason of authorizing the recovery of double damages. *Craig* v. *Gerrish*, 58 N. H. 513. But it is not within the statute limiting the time within which suits founded on penal statutes must be brought. *Whitaker* v. *Warren*, 60 N. H. 20. It is penal so far as it imposes the payment of double damages as a forfeiture, and remedial so far as it provides for the recovery of damages as compensation for the injury done. But by whatever name it is called, whether penal or remedial, the statute is substantially remedial. It furnishes a statutory remedy for enforcing the common-law right of recovery of damages for the actual injury sustained, and a recovery under the statute is a bar to any subsequent action for the recovery of damages. The statute must receive a reasonable interpretation whatever its nature. The rule requiring penal statutes to be construed strictly, means only that they are not to be extended by implication so as to embrace cases or acts not fairly and reasonably within the prohibition or penalty of the statute; and in cases of doubtful construction, that interpretation should be adopted which restricts the operation and enforcement of the forfeiture. Where there is such an ambiguity as to leave reasonable doubt of the meaning, the penalty is not to be inflicted. Disregarding the general principle of contributory negligence, the language of section 11 imports an absolute liability. This interpretation gives a broader application to the statute than is contended for. It is said that sections 10 and 11 are to be construed together, and that the exception in section 10 of the right of a party to recover damages for injuries received while engaged in the commission of a trespass or other tort is to be regarded as applicable to section 11 also; and it is argued that the express mention of this exception is to be construed as excluding any other exception to the absolute liability implied in the language of the statute.

In *Orne* v. *Roberts*, 51 N. H. 110, 113, it is said, in considering this statute, that it apparently originated in the idea that much damage was done by dogs, for which the injured person had no

remedy, by reason of the practical difficulty of charging the owner with knowledge of the mischievous character of the dog, and therefore it was thought best to make the owner or keeper absolutely liable for the injuries caused by his dog, without regard to the fact whether he had knowledge of the vicious character of the animal or not. Assuming this view to be correct, that the purpose of the statute is to obviate the difficulty of showing the owner's knowledge of the vicious propensities of the dog, in an action for damages, a reasonable interpretation limits it to the accomplishment of that object, and the language of the statute is to be construed with reference to the established rule of law, that a party cannot recover for injuries resulting from his own negligence. In the interpretation of a statute, the general purpose is entitled to great weight in ascertaining the meaning of particular words ; and if the literal meaning of particular words is inconsistent with the general purpose, or if the language used, if understood literally, is inconsistent with a well settled principle of law of general application, there is grave reason to doubt whether the literal sense is the sense intended by the legislature.

A construction of the statute making the owner of a dog absolutely liable for injuries, regardless of the conduct of the party injured, might in some cases hold the owner responsible for injuries occasioned solely by the reckless carelessness of the party injured. It would make the owner liable to a person injured while intentionally exposing himself by worrying and irritating a dog for the purpose of testing his temper and disposition. Such a construction would be unreasonable. We think the rule of interpretation applicable to this statute is analogous to that applied to the statute making towns liable for damages happening from defective highways, which, although literally imposing an absolute and unqualified liability, is construed with the qualification that the party injured is not entitled to recover if his own negligence contributed to the injury.

As the statute is to be interpreted with reference to the general principle that a party cannot recover damages for the negligence of another if his own negligence contributed to the injury, the expressed exception that the injured party cannot recover if the injury is received while he is in the commission of a trespass or other tort, is not to be regarded as excluding the doctrine of contributory negligence. The purpose and effect of the exception is to limit the right of recovery, and not to extend it. The fact that the party injured is in the commission of a trespass or a tort may or may not contribute to the injury. The fact that a person injured by a dog is trespassing on the premises of the owner of the dog at the time of the injury may not in any respect contribute to the injury. He might be injured in the same manner if he was rightfully on the premises by the owner's permission. The effect of the exception is to limit the liability of the owner by prohibiting

a recovery in all cases where the party injured is engaged in the commission of a trespass or a tort, regardless of the fact whether he is chargeable with contributory negligence or not. It merely imposes the condition upon the injured party's right of recovery, that it must appear that he was not a trespasser when the injury was received, and the doctrine of contributory negligence is applicable to cases under the statute as at common law.

*Case discharged.*

SMITH, J., did not sit: the others concurred.