## NORRIS v. HAVERHILL.

In an action against a town for damage from a defective highway, the defendant cannot object that the petition upon which the highway was laid out was insufficient in form.

Whether the plaintiff was a traveller at the time of the injury will not be submitted to the jury, when there is no evidence upon which it is competent for the jury to find he was not a traveller.

Complaints of pain, etc., made by the plaintiff to his attending physician after the commencement of the action may be admitted in evidence.

Upon the return of a verdict the court may inquire of the jury as to the grounds upon which they proceeded in making up their verdict, for the purpose of ascertaining whether the case has been properly tried.

BINGHAM, J. The objection is taken that the laying out of the highway was void, because no sufficient terminus was specified as a starting-point in the petition. To avoid unnecessary expense and delay, objections to the form of a petition for a highway should be made, as a general rule, at the first opportunity. This objection being to the form of the petition, and not seasonably taken, was waived. *Bacheler* v. *New Hampton*, 60 N. H. 207.

The defendants claimed at the trial that the plaintiff, on the facts in the case, was not a traveller on the highway at the time of the accident, and requested the court to submit the question to the jury, under proper instructions, which it refused. The request was properly denied, as there was no evidence in the case upon which it was competent for the jury to find that the plaintiff, at the time of the injury, was not a traveller.

The court properly inquired of the jury as to their verdict and the grounds upon which they proceeded, for the purpose of ascertaining whether the case had been properly tried. *Dearborn* v. *Newhall*, 63 N. H. 301, 303.

Subject to the defendants' exception, the plaintiff's attending physician was allowed to testify to complaints of pain made to him after the commencement of this action. The rule is settled in this state, that the representations of a sick person of the

nature, symptoms, and effects of the malady under which he is laboring at the time, are admissible. *Taylor* v. *Railway*, 48 N. H. 305, 309. If made to a medical attendant, they are of greater weight than when made to one who is not. 1 Gr. Ev., s. 102. The fact that the plaintiff had brought his suit when they were made would not render the representations incompetent if he was then ailing, but might detract from their weight.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.

*Smith & Sloan* (of Vermont) and *Bingham, Mitchell, & Batchellor*, for the plaintiff.

*Page & Shurtleff* and *Aldrich & Remich*, for the defendants.