## CHICKERING *v.* LORD.

67  555
70  358

One who drives a skittish horse in an unsafe carriage is not thereby precluded from recovering damages for an injury caused by the frightening of the horse.

DEBT, on the statute for double damages, for injuries committed by the defendant's dogs. Verdict for the plaintiff. July 11, 1892, while the plaintiff was riding in a sulky drawn by a three-year-old colt, in the highway leading by the defendant's house, the colt became frightened and unmanageable, and ran away, whereby he and the colt were injured and his sulky and harness damaged. His evidence tended to show that the fright of the colt and the consequent injuries were caused by the defendant's dogs' barking at and biting the colt.

The defendant introduced evidence tending to show that the fright of the colt was not caused by the dogs ; that the colt was skittish, unsafe, and took fright at some unknown object; that the action of the dogs was caused by its running, kicking, and plunging, and the plaintiff's calls of "Whoa," and that the sulky was not a safe carriage. There was no other evidence tending to show that the plaintiff did anything to excite the dogs, or to cause them to run after, bark at, or bite the colt. The jury were instructed (among other things) to return a verdict for the defendant, unless they found that the fright of the colt and the plaintiff's injury were caused by the dogs. The defendant requested the court to instruct the jury that "As a rule, one cannot recover compensation for an injury occasioned by mere neglect of another, which he might have avoided by the exercise of reasonable care ; and this doctrine applies the same in connection with cases in reference to damages occasioned by dogs, as in other cases of damages." The instruction was refused on the ground that it was not called for by the evidence, and the defendant excepted.

*Batchelder & Faulkner*, for the defendant. The request was, in substance, to instruct the jury that the law of contributory negligence is applicable to cases brought to recover damages for injuries occasioned by dogs, as to other cases. It was asking the

court to give the jury the rule laid down in *Quimby* v. *Woodbury*, 63 N. H. 370, and explain what the rule meant. The instructions given contained no intimation that if the fault or neglect of the plaintiff, in selecting or managing the horse, harness, or vehicle with which he was driving, contributed to the accident, he could not recover. We submit that the facts in evidence clearly raised the question whether the plaintiff was or was not at fault; that the jury could not properly consider the facts without being instructed as to the effect of contributory negligence; and that the instructions asked for were called for by the facts. It appeared from the testimony introduced by the plaintiff, that when the small dog barked beside the road, the colt jumped and ran out of the road toward the field on the other side, and from that time was beyond the control of the plaintiff; that when he got back into the road, he was jumping and kicking, and the breeching was broken, so that the check-rein was of no account. The defendant's evidence tended to show that the plaintiff had full knowledge of what his colt was likely to do, for on three occasions, shortly before this accident, when he was driving it, the colt had shown evidences of fright at some object, and had sprung suddenly out of the road, and on one of them had gone into a field adjoining. The fact that the colt jumped and ran out of the road, broke the harness, and became unmanageable because a small dog barked, was evidence which the jury might properly consider on the question whether the plaintiff, charged with notice of his colt's peculiarities, exercised ordinary care and prudence in selecting the colt for that drive. The breaking of the harness would raise the same question as to the harness; and the evidence that a sulky, such as the plaintiff was riding in, was not a safe carriage to ride in when drawn by a young horse, raised the question of want of care in selecting the carriage. All these facts bore with more or less weight upon the question of the plaintiff's want of care, and should have been considered by the jury under proper instructions. Had the jury been so instructed, and found that the plaintiff did not exercise due care in the selection of his horse, harness, or carriage, their verdict would have been for the defendant.

*Don H. Woodward* and *Eleazer L. Waterman* (of Vermont), for the plaintiff.

CARPENTER, J. " The owner or keeper of a dog shall forfeit to any person injured by it double the amount of damage sustained by him, to be recovered in an action of debt." P. S., *c.* 118, *s.* 10. In actions on the statute, no question of care or negligence on the part of the dog-owner is involved. The utmost vigilance to prevent his dog from doing an injury affords him no defence. But he is not liable if the injured party by his negli-

gence provokes, or by ordinary care could prevent, the action of the dog. *Quimby* v. *Woodbury*, 63 N. H. 370. There was here no evidence on which it could be found that the plaintiff did, or omitted to do, any act the doing or omission of which in fact caused, or could reasonably be expected to cause, the dog's behavior, or that he failed to do anything that he reasonably ought to have done to prevent it. If he had not used a skittish horse and unsafe carriage, it may be that he would have escaped injury, as he would if he had not driven in the neighborhood of the dogs; but his conduct in these particulars was not a breach of any duty he owed to the dogs or their master. It is immaterial that his situation was dangerous to himself from causes other than the assault of dogs. *Metropolitan Railway Co.* v. *Jackson*, 3 App. Ca. 193, 198; *Dublin, etc., Railway* v. *Slattery*, 3 App. Ca. 1155, 1166; *Nashua Iron and Steel Co.* v. *Railroad*, 62 N. H. 159, 164. It is established by the verdict that but for the action of the dogs no harm would have befallen him. The instruction requested was properly denied. *Rice* v. *Porter*, 17 N. H. 133, 137; *Norris* v. *Haverhill*, 65 N. H. 89.

*Exception overruled.*

SMITH J., did not sit: the others concurred.