Rockingham
No. 82-306

ANDREW LABARRE & a.

v.

RENE DANEAULT

April 29, 1983

The Legal Clinics, of Manchester (*Newton H. Kershaw, Jr.*, and *Stephen E. Borofsky* on the brief, and *Mr. Kershaw* orally), for the plaintiffs.

*Wiggin & Nourie*, of Manchester (*Richard B. McNamara* on the brief and orally), for the defendant.

BATCHELDER, J. RSA 265:89-a provides that a defendant in a civil action arising from an accident that resulted in his conviction for driving while intoxicated for a second or subsequent time within seven years is liable for double damages. This is an interlocutory appeal from a Superior Court (*Pappagianis*, J.) ruling that RSA 265:89-a applies to the plaintiffs' action despite the fact that RSA 265:89-a did not become effective until nearly two years after the accident and the defendant's accompanying conviction for driving while intoxicated (DWI). We hold that the statute must be applied only to causes of action arising from accidents occurring on or after August 29, 1981, the date the statute became effective.

On October 13, 1979, the plaintiffs, Andrew LaBarre and his wife Mukda, were riding in their 1975 Toyota when they were rear-ended by a vehicle driven by the defendant, Rene Daneault. As a result of this accident, the defendant was charged with DWI, to which he pleaded guilty in Manchester District Court (*O'Neil*, J.). He was fined $400 and his license was revoked for a year. *See* RSA 265:82 (formerly codified at RSA 262-A:62). Previously, the defendant had pleaded guilty without the assistance of counsel to a charge of DWI in Manchester District Court (*O'Neil*, J.) in December 1975.

The plaintiffs filed their writs in June 1980, alleging that the defendant's negligence was the cause of their injuries. On August 29, 1981, the statute in question became effective and provided:

"I. A defendant in a civil case arising from an accident which resulted in the defendant's conviction for operating a motor vehicle in violation of [RSA 265:82], where such conviction was the second or subsequent conviction for that offense in a 7 year period, shall be liable for double the amount of damages awarded.

II. The provisions of this section awarding double damages in civil suits against intoxicated drivers shall not be construed to relieve the plaintiff in any action from the

burden of proving that the defendant's intoxication was a contributing cause to the accident."

Laws 1981, 543:6 (now codified at RSA 265:89-a). Subsequent to the effective date of the statute, the plaintiffs filed a motion alleging that the defendant's intoxication was a contributing cause to the accident, and that the defendant's December 18, 1979, DWI conviction was a second or subsequent conviction within the meaning of RSA 265:89-a. Therefore, the plaintiffs contended that they were entitled to double damages under RSA 265:89-a. The superior court ruled that the statute applied to the plaintiffs' actions, and the defendant brought this interlocutory appeal.

The defendant raises three arguments. He contends that the application of RSA 265:89-a to the case at hand is a retrospective application of a penal statute, which is prohibited under the State and Federal Constitutions. *See* U.S. CONST. art. I, § 9 cl. 3, § 10 cl. 3; N.H. CONST. pt. I, art. 23. The defendant also argues that because the statute is penal in nature, its application to the case at hand would violate the doctrine set forth in *Baldasar v. Illinois*, 446 U.S. 222 (1980), that uncounseled convictions cannot be used to enhance punishment for a subsequent criminal offense. Finally, he contends that, even if the statute is deemed to be civil, to apply it to the instant case is a retrospective application in violation of the State Constitution, which prohibits the application of retrospective laws to civil causes as well as penal matters. N.H. CONST. pt. I, art. 23.

## I. *RSA 265:89-a Is Remedial Not Penal in Nature.*

Critical to the defendant's first two arguments is the characterization of RSA 265:89-a as a penal statute. The defendant asserts that the doubling of damages provision of RSA 265:89-a must be regarded as an additional punishment or forfeiture for the subsequent offense of DWI which results in an accident. If it is an enhanced punishment, he contends that use of his uncounseled conviction to invoke the double-damages provision violates *Baldasar*.

The defendant contends that RSA 265:89-a is analogous to RSA 466:20, which provides for the forfeiture of double damages for injuries caused by a dog. RSA 466:20 has been construed as remedial because it provides for damages for injuries, and penal because it imposes the payment of double damages as a forfeiture. *Quimby v. Woodbury*, 63 N.H. 370, 373 (1885).

We do not accept the defendant's characterization of RSA 265:89-a as a penal statute. Although in *Quimby*, we construed RSA 466:20 as penal in part, we concluded that "by whatever name it is called, whether penal or remedial, the statute is *substantially remedial.*" 63 N.H. at 373 (emphasis added.)

■ Moreover, RSA 265:89-a is distinguishable from RSA 466:20 because it does not employ the term "forfeiture." RSA 466:20 provides that the dog's owner shall "forfeit" to the injured party double damages. The term "forfeiture" is considered an important indication that a statute should be deemed a penalty. *See Craig v. Gerrish,* 58 N.H. 513, 513 (1879) (construing the provisions now codified at RSA 466:20, the court held that "[f]orfeiture implies that the double damages are a penalty"). Because the word "forfeiture" is not used in RSA 265:89-a, we find that there is no such implication that the double damages are intended to be a penalty.

A distinction between double damages as a civil remedy and double damages as a penalty or forfeiture was drawn by this court thirty-five years prior to *Quimby v. Woodbury* in the case of *Morrison v. Bedell,* 22 N.H. 234 (1850), where the court construed as penal a statute providing for a forfeiture to the landowner of a certain sum for every tree or log cut or destroyed by a trespasser. *Id.* at 237. The court, distinguishing that statute from other statutes which merely increased the damages available at common law, stated:

> "Where a statute merely provides for increased damages or increased costs, the cause of action is not created by the statute; the remedy is not for a penalty or forfeiture. . . . There is little legal resemblance between such a statute modification of remedy for an existing cause of action and a case like this, of a forfeiture and penalty created by statute."

*Id.* at 238. Unlike the statute in *Morrison,* RSA 265:89-a does not create a new cause of action; it merely gives the plaintiffs increased damages. It is distinct from a penalty or forfeiture, because it only authorizes a court to double the damages found by the trier of fact. *See Janvrin v. Scammon,* 29 N.H. 280, 287–88 (1854).

■■ The mere fact that damages are double, accumulative, or enhanced is not deemed to render them penal or determinative that the statute is penal. 25 C.J.S. *Damages* § 128, at 1173 (1966). The test for whether a statute is "penal" or "remedial" turns on whether its purpose is to punish an offense against the public or to afford a private remedy to a person injured by a wrongful act. *Michaud v. City of Bangor,* 160 Me. 285, 288–89, 203 A.2d 687, 689–90 (1964). Applying this criterion in *Michaud,* the Maine Supreme Court held that a municipality was liable for double and treble damages for willful trespass resulting in the destruction of a building, personalty and shrubbery under the statutes authorizing such damages because such damages were not punitive or exemplary, but were remedial. *Id.,* 203 A.2d at 689.

■ Similarly, the purpose of RSA 265:89-a is not punishment. The legislature has provided separate and distinct criminal penalties for the offense against the public of driving while intoxicated. *See* RSA 265:82. The legislative purpose in enacting RSA 265:89-a is to provide enhanced damages in a civil case where a willfully intoxicated driver who has a previous record of intoxicated driving causes injury to another. *See* Laws 1981, 543:5 (declaration of policy); *see also Rahaim v. Psaros*, 122 N.H. 613, 614, 448 A.2d 401, 401 (1982); *Johnsen v. Fernald*, 120 N.H. 440, 441, 416 A.2d 1367, 1368 (1980) (enhancing damages is a matter of public policy). *Cf. Peaslee v. Koenig*, 122 N.H. 828, 830, 453 A.2d 832, 833 (1982) (timber trespass statute provides both civil damages and criminal sanction); *Roseland v. Phister Mfg. Co.*, 125 F.2d 417, 419 (7th Cir. 1942) (Sherman Anti-Trust and Clayton Acts are "penal" so far as criminal liability, but are "remedial" insofar as they create remedy of double damages).

■■ Statutes permitting the recovery of double or treble damages as increased damages for injuries incurred due to the negligence of another are regarded as remedial. *Dubreuil v. Waterman*, 84 Conn. 47, 51, 78 A. 721, 722 (1911). For these reasons, we hold that RSA 265:89-a is a remedial statute, not a penal statute. Because the statute is not penal, it is unnecessary for us to address the defendant's arguments that the retrospective application of RSA 265:89-a is prohibited under the Federal and State Constitutions because the statute is penal, and that the double-damages provision is enhanced punishment which violated *Baldasar.*

II. *RSA 265:89-a Is Properly Applied Prospectively.*

If RSA 265:89-a is not penal, the defendant argues, in the alternative, that our State Constitution also prohibits the retrospective application of law to civil causes. *See* N.H. CONST. pt. I, art. 23. It is unnecessary for us to address this constitutional argument because rules of statutory construction require RSA 265:89-a to apply prospectively only.

■ While there is a presumption that remedial statutes are to be applied retrospectively, *Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 117 N.H. 269, 270, 371 A.2d 1171, 1173 (1979), courts refuse to apply a statute retrospectively if it imposes a liability not existing at the time of its passage, or affects an existing liability to the detriment of the defendant. 82 C.J.S. *Statutes* § 418, at 995 (1953).

Most jurisdictions hold that statutory increases in damage limitations are changes in substantive rights and not mere remedial changes; and, absent legislative intent to the contrary, courts apply

these changes only prospectively. Annot., 98 A.L.R.2d 1105, 1107 (1964). This court has held that a statutory increase in the wrongful death limitation from $60,000 to $120,000 would apply only prospectively, because to apply the new limit, after the date of the accident, enlarged the defendant's liability retrospectively. *Mihoy v. Proulx*, 113 N.H. 698, 701, 313 A.2d 723, 725 (1973). In an analogous case, the Connecticut Supreme Court held that although the Dram Shop Act is primarily remedial in nature, the change in the limit of damages was substantive in nature. *Lavieri v. Ulysses*, 149 Conn. 396, 401–02, 180 A.2d 632, 636 (1962). Because the change in liability was substantive in nature, the court refused to apply the new limit retrospectively. *Id.* at 402, 180 A.2d at 636.

██ ██ To apply RSA 265:89-a retrospectively in this case would increase the defendant's liability over what it was at the time of the accident. Accordingly, we hold that because RSA 265:89-a imposes new liabilities upon defendants of a substantive nature it should be applied only to causes of action which arose after the effective date of the new law. There is no evidence of legislative intent to have this statute apply retrospectively; and, in holding as we do, we do not address the issue of whether the legislature could have lawfully required RSA 265:89-a to be applied retrospectively.

*Reversed and remanded.*

All concurred.