Hillsborough
No. 84-469

GLORIA WILLIAMS & a.

v.

DAVID J. MARTIN

April 11. 1985

*Thomas E. Craig* and *Elizabeth Cazden,* of Manchester (*Mr. Craig* and *Ms. Cazden* on the brief, and *Mr. Craig* orally), for the plaintiffs.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Lee C. Nyquist* on the brief, and *Raymond E. Liguori* orally), for the defendant.

*Daniel J. Harkinson*, of Manchester, by brief and orally, as amicus curiae.

## MEMORANDUM OPINION

The Superior Court (*Wyman*, J.) has transferred the question whether RSA 265:89-a governs a cause of action that accrued while the statute was effective, but which was not brought to suit until after the statute was repealed. We hold that the statute applies.

RSA 265:89-a, I provides:

> "A defendant in a civil case arising from an accident which resulted in the defendant's conviction for operating a motor vehicle in violation of RSA 265:82, where such conviction was the second or subsequent conviction for that offense in a 7 year period, shall be liable for double the amount of damages awarded."

The statute was repealed in 1983. Laws 1983, 373:18.

In *LaBarre v. Daneault*, 123 N.H. 267, 461 A.2d 89 (1983), we considered whether RSA 265:89-a applied retrospectively. We held that the statute only had prospective effect because "it impose[d] new liabilities upon defendants of a substantive nature." *Id.* at 272, 461 A.2d at 93. We determined that retrospective application of the law would be inequitable in light of these new liabilities. We now are asked to decide whether the statute's repeal has retroactive effect.

The substantive liabilities of defendants under the statute represent equally substantive rights to plaintiffs. We find that the equitable considerations that precluded retrospective application of RSA 265:89-a likewise preclude retrospective application of its repeal.

*Remanded.*