## BATCHELDER *vs.* KELLY.

To subject a party to the penalty of the statute for trespass on timber lands, the trespass must be wilful and intentional. The cutting, over a line, upon another's land, by mistake or accident, will not subject the trespasser to the penalty of the statute.

Where the servant of another, by mistake or accident cut trees beyond the line of his employer, and the master, knowing such mistake, afterwards drew off and appropriated the trees to his own use—*Held*, that this did not show an original wilful and intentional cutting, within the statute.

The provision of the statute, that the oath of the party may in certain cases be received, charging his belief that a trespass was committed by another, and providing that judgment shall be rendered against such person, unless he purge himself from the charge by his own oath—*Held*, to be merely a cumulative provision, or means of enforcing the statute, and that it does not preclude a trial by the ordinary rules of common law.

TRESPASS, *quare clausum fregit*, to recover the penalties prescribed in the statute for cutting and carrying away trees on the land of another, without the license of the owner.

The defendant plead the general issue.

It appeared in evidence that the parties owned land adjoining each other, and that in February or March, 1838, the

defendant employed one John Davis to cut and hew 170 feet of timber, on his land, adjoining the plaintiff; and Davis, being introduced as a witness by the plaintiff, testified that he went on for that purpose, intending to confine his cutting within the limits of the defendant's land; but by accident, and unintentionally, he cut down two trees, of more than one foot diameter, over the line and upon the plaintiff's land, and hewed the same into eight inch timber—that not long afterwards the defendant informed the witness that the plaintiff had been to him, and said the witness had been cutting and hewing timber on his land—that since that time the witness has been upon the land in company with the defendant, for the purpose of ascertaining the line between the parties, and found a line which the defendant admitted to be the true line between him and the plaintiff, and which brought the cutting of the two trees on the plaintiff's land.

Another witness testified that in March, 1838, he, in company with the defendant, went on to the line admitted by the defendant to be the true line between him and the plaintiff, and that according to that line the trees in question were cut on the plaintiff's land—that after this he knew of the defendant's hauling away the trees after they had been hewn into timber.

The defendant objected to the admission of these witnesses to prove the trespass alleged, on the ground that the statute on which the action was founded confined the evidence in such cases exclusively to the oath of the parties.

Upon this evidence the court instructed the jury, that to subject a party to the penalty prescribed in the statute, it must appear that the act was done knowingly and wilfully, and not through mistake or accident; in which latter case the plaintiff would be entitled to recover only the value of the injury he had actually sustained. The court also instructed the jury, that although in this case the defendant, in the first instance, might not be liable for the mistake of Davis in cutting over the line and upon the plaintiff's land,

yet if the evidence satisfied them that, after the line was ascertained and well known to the defendant, he went upon the plaintiff's land, and hauled away the timber for his own use, that would in law be an affirmance of what Davis, the hired man, did in cutting over the line, and make the defendant answerable for the act of Davis, in the same manner as if he had knowingly and intentionally done the act himself.

Under these instructions the jury found the defendant guilty of carrying away two trees of the plaintiff, each more than one foot over. They also found the value of the trees to be eighty-five cents ; and motion was made to set aside the verdict, and that a new trial be granted, on account of the admission of improper testimony, and of misdirection of the court.

*Fletcher & Perley*, for the plaintiff.

*Pierce & Fowler*, for the defendant.

UPHAM, J. This action is founded exclusively upon the statute for preventing trespasses upon timber lands. The jury have found a verdict against the defendant. Their verdict, however, follows the charge of the court rather than the declaration in the plaintiff's writ. The allegation in the plaintiff's writ is, that the defendant cut and carried away divers trees, of more than one foot in diameter, and the penal damage of forty shillings, prescribed by the statute, is claimed for each of the trees so cut, together with three times their actual value, in addition to the forty shillings. The verdict finds that the defendant is guilty of carrying away two trees belonging to the plaintiff, of more than one foot in diameter, and that the value of the trees is eighty-five cents.

It admits of serious doubt whether this verdict can be sustained, as not meeting the charge in the plaintiff's declaration ; but however this may be, there are exceptions taken to the charge of the court which must be fatal to the verdict taken in the case.

The charge is correct in this respect, that to subject a party to the penalty prescribed in the statute, it must appear that the act was done knowingly and wilfully, and not through mistake or accident; in which latter case the party would be entitled to recover only the value of the injury he had actually sustained. The general tenor of the statute is such as wholly to preclude the idea that it was designed to apply to unintentional trespasses. This has been in previous instances holden to be the true construction of the statute, and it fully conforms to the present views of the court in relation to it.

But the charge proceeds farther. The jury were instructed, if the evidence satisfied them that, after the line was ascertained and well known to the defendant, the defendant went upon the plaintiff's land and hauled away the timber for his own use, that would in law be an affirmance of what his servant had done in cutting over the line, and render the defendant answerable for the act of the servant, in the same manner as if he had knowingly and intentionally committed the act himself.

Carrying the timber away might have had some tendency to have convinced the jury that the defendant was cognizant of and approved the original cutting; but such would not have been the necessary legal effect of the evidence, as a rule of law; and most clearly an affirmance of the cutting in this manner would not have altered the original nature of the act, so as to have rendered that wilful and malicious that was originally an unintentional and accidental trespass. Could it have had any bearing in this point of view, it would only have been for the consideration of the jury; but the evidence was not submitted to the jury in this manner, but was held to be conclusive against the party as a matter of law. The instruction was therefore erroneous.

The exception was taken on the trial, that the testimony offered was inadmissible, for the reason that the statute on which the action was founded confined the evidence to the

Batchelder *v.* Kelly.

oath of the parties. This exception was rightly overruled. Such a mode of trial is merely cumulative. The act provides that the oath of the parties may be admitted, for the reason, " that it is very hard and difficult to detect and convict any trespasser against the statute, in the ordinary method or course of law, because the trespasses which the act is intended to prohibit are generally committed where positive evidence can scarcely ever be had." This is a sufficient reason for the special provision as to the admission of such testimony, under circumstances where the party injured may deem it essential ; but it is no good ground to prevent a trial by the rules of common law, in those cases where no such necessity exists on account of the want of the testimony ordinarily admissible. The evidence, therefore, admitted on trial, was properly received ; but, for misdirection of the court in relation to its effect, the verdict must be set aside, and a

*New trial granted.*