Carroll,
April 4, 1950. } No. 3909.

L. BEATA HAHN *v.* RUSSELL G. HEMENWAY.

*James J. Kalled* (by brief and orally), for the plaintiff.

*Eliot U. Wyman* (orally), filed no brief, for the defendant.

KENISON, J. Plaintiff argues for a verdict for damage which resulted from destruction of the fence and signs as a matter of law because the circumstantial evidence in his favor renders the defendant's evidence sufficiently suspect so that it should have been rejected by the Trial Court. There is no doubt that the damage complained of actually occurred and there is little doubt that the defendant could have been the one to have caused it. But suspicion is not proof and credibility can usually be more accurately determined by a presiding justice rather than an appellate court. *Employers Assurance Co.* v. *Sweatt*, 95 N. H. 31, 34. "The Trial Court, in considering the various circumstances bearing upon the issue, had the advantage of observing the witnesses on the stand." *Webber* v. *Phipps*, 95 N. H. 1, 4. Merely because a reading of the record might lead one to reach a different conclusion on questions of fact is not sufficient reason to rule that the plaintiff can prevail as a matter of law. *O'Brien* v. *Public Service Company*, 95 N. H. 79, 80.

It is not disputed that one of defendant's servants took "about forty canoe loads of sand" from plaintiff's beach in the summer of 1947 and this was estimated to be "three quarters of a truck load." Plaintiff was entitled to damages therefor measured primarily by the difference between the value of the real estate before and after the

defendant's wrong was committed. *Delay* v. *Company*, 91 N. H. 44. In such cases the reasonable cost of replacing the land in its original position will be the measure of damages. Restatement, Torts, *s.* 929. "If it were found that the trespass was malicious, the fact may be taken into account in its bearing in showing greater severity of the wrong done." *Ham* v. *Interstate Bridge Authority*, 92 N. H. 268, 275.

No evidence was presented to show the value of the sand which was taken from time to time during the summer of 1947 or the damage caused by its removal. This was necessary in the present proceeding as it would also be if treble damages had been sought under the statutory provision for wilful trespass. R. L., *c.* 411, *s.* 4. Since malice was not a compelled finding on the record, the Trial Court was justified in awarding only nominal damages. On the evidence the court could find that any change in shore line was due to the brook which entered Lake Wentworth rather than the removal of sand by defendant's servant.

The Court's findings are supported by the evidence and the damages awarded are consistent with the evidence and the applicable law of this state.

*Exceptions overruled.*

LAMPRON, J., did not sit: the others concurred.