Belknap,
No. 5918.

RUTH F. MORLEY *& a.*

*v.*

JOSEPH CLAIRMONT.

November 28, 1969.

*Bois & Laflamme (Mr. Maurice P. Bois* orally), for the plaintiffs.

*Normandin, Cheney & O'Neil* and *Mr. David O. Huot (Mr. Huot* orally), for the defendant.

GRIFFITH, J. This is an action in debt to recover a forfeiture under RSA 539:1 for the wilful and unlawful cutting by the defendant of trees of the plaintiffs. The case was tried by the Court (*Loughlin,* J.) who found that the defendant had wilfully and unlawfully cut trees of the plaintiffs and returned a verdict for the plaintiffs in the amount of $10,140; five times the value of the timber cut.

Defendant excepted to the admission of certain evidence and to the denial of his motions for nonsuit and to set aside the verdict. Plaintiffs initially had joined a count in trespass together with the count in debt under the statute. Upon motion of the defendant the Trial Court required the plaintiffs to elect to proceed either under the count in trespass or the count in debt but not both. Plaintiffs elected to proceed on the count in debt and excepted to the Trial Court's ruling that denied them the right to trial on both counts in the same action. The exceptions of both defendant and plaintiffs were reserved and transferred by the Trial Court.

The plaintiffs introduced by independent witnesses and cross-examination of the defendant evidence of other timber cutting trespasses of the defendant and one pending action where defendant was charged with violating a selective cutting agreement. Although defendant objected to the testimony relating to the violation of the selective cutting agreement no exception was saved to the admission of this evidence probably because of the Trial Court's ruling that there was no evidence that the defendant had done the cutting.

Defendant did except to the admission of testimony relating to other cutting trespasses of the defendant. The Trial Court first stated he was admitting this evidence "on credibility" but his findings of fact referred to it as follows: "Evidence was allowed by the Court of the habit of the defendant on credibility and also on habit on the matter of his conduct being wilful." Plaintiffs had urged that the evidence was admissible to show habitual conduct of the defendant.

Evidence of other wrongs or acts of a party are admissible to prove intent, or absence of mistake or accident. *Buxton* v. *Langan,* 90 N. H. 13; *Perkins* v. *Prout,* 47 N. H. 387; *Land*

*Finance Corp'n* v. *Company,* 83 N. H. 518; Jones on Evidence (5th *ed.*) *s.* 159; Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates (March 1969) Rule 4-04 (b). See also, *State* v. *Skaff,* 94 N. H. 402, 405. Whatever the reason assigned by counsel and the Court for the admission of this evidence it is apparent that it was considered as evidence that the defendant's cutting over was intentional and wilful. It was properly admitted for this purpose and the fact that a different reason for its admission was assigned by the Court when it was received does not invalidate its admission. *Hood & Sons* v. *Boucher,* 98 N. H. 399, 404; *Rau* v. *Stores,* 97 N. H. 490, 494.

The Trial Court found that it was "incredible" that the defendant could believe he was cutting on the land he had purchased the right to cut on. The evidence fully supported the Trial Court's findings in this respect and the further finding that the conduct of the defendant was wilful and unlawful. The defendant's exceptions are overruled.

The Trial Court's order denying the plaintiffs the right to proceed on both the counts in debt under the statute and trespass was specifically based upon the rule laid down in *Morrison* v. *Bedell,* 22 N. H. 234. This case held that a count in debt for wilful cutting of trees and a count in trespass could not be joined in one action. Plaintiffs agree that the case is authority for the ruling of the Trial Court but argue that it is not in accord with modern practice and point out that the Federal Rules of Civil Procedure permit unlimited joinder of actions. 28 U.S.C.A. Rule 18. Unlimited joinder of actions has been the rule in this state since the latter part of the 19th century. *Hutt* v. *Hickey,* 67 N. H. 411; *Metcalf* v. *Gilmore,* 59 N. H. 417; see Reid, Common Sense to Common Law to Charles Doe, 1 N.H.B.J. (No. 3) 27. Therefore, insofar as *Morrison* v. *Bedell, supra,* stands for the rule that a plaintiff may not join these counts in one action it is not the law.

It should be pointed out however, that the Trial Court did not dismiss the action for misjoinder but required the plaintiffs to elect which count they would proceed on. Ordinarily the determination by the Trial Court that the issues joined cannot be justly and conveniently tried together is a determination of a question of fact. *Hutt* v. *Hickey, supra,* 416; *Owen* v. *Weston,* 63 N. H. 599. The Trial Court in the present case felt impelled

by *Morrison* v. *Bedell, supra,* to rule as a matter of law that the two issues joined could not be tried together. The case is no longer a foundation for such a rule of law.

While there would be some basis for supporting the rule of *Morrison* v. *Bedell, Ib.,* on the facts of that case as one in which the issues could not be conveniently tried together no such situation exists in the present case. Revised Statutes ch. 207 on which the debt action was based in *Morrison* v. *Bedell, Ib.,* provided for a method of proof which could not be employed in a tort action of trespass. However under the present statute (RSA 539:1) the trespass must be proved in the same way that it would be proved in an action of trespass, with additional evidence that the trespass was wilful and unlawful, in order to permit recovery under the statute. There being no factual reason for the Trial Court's ruling the plaintiffs' exception is sustained.

The defendant having been found liable in wilful trespass, the only issue remaining in the trespass count is the assessment of damages. While all damages resulting from the cutting of the trees may be presumed included in the award already made, it is for the Trial Court to determine whether plaintiffs suffered any damages beyond those already assessed and if so to assess them.

> *Defendant's exceptions overruled; plaintiffs' exception sustained. Remanded.*

All concurred.