Rockingham
No. 7309

ERNEST S. WOODBURN

v.

ASA CHAPMAN

August 31, 1976

*Sanders & McDermott (Wilfred L. Sanders, Jr.,* orally) for the plaintiff.

*Casassa, Mulherrin & Ryan* and *Peter J. Saari (H. Alfred Casassa* orally) for the defendant.

PER CURIAM. Action to recover a penalty under RSA 539:1

which provides in pertinent part: "Whoever shall cut, . . . wilfully and unlawfully, any tree . . . standing . . . on the land of another person . . . shall forfeit to the person injured, for every pine or other timber tree so cut, . . . five times the value thereof; for every other tree or log of greater dimension than one foot in diameter, five dollars and three times the value thereof; for every other tree or log of the dimension of one foot in diameter, five dollars; and for every tree, log or pole less than one foot in diameter, three dollars; and for any other wood, underwood, timber or bark, three times the value thereof." This statute traces its ancestry to the act of February 15, 1791; it has scarcely been changed in more than a century. 5 Laws of New Hampshire ch. 77, at 697 (1916). *Morrison v. Bedell*, 22 N.H. 234, 236 (1850).

After trial without a jury, *Cann*, J., found that the defendant had wilfully and unlawfully removed a maple tree, eighteen inches in diameter, which had stood on the land of the plaintiff. There was evidence that it would cost $3,600 to replace a thirty-inch maple. Taking this figure and the statutory formula for non-timber trees of diameter greater than one foot, the court gave judgment for the plaintiff in the amount of $10,805, and reserved and transferred the defendant's exceptions.

The defendant challenges the finding that he acted wilfully and unlawfully. There was evidence that the tree was brightly painted because it marked a boundary corner. From this the trial court could reasonably infer that the defendant could not have been mistaken as to the ownership of the tree. The defendant did not claim that he had destroyed the tree accidentally. The evidence supports the findings of the trial court. *Hahn v. Hemenway*, 96 N.H. 214, 72 A.2d 463 (1950); Annot., 111 A.L.R. 79 (1937).

The defendant excepted to the use of replacement cost as the value of the tree in computing the statutory penalty. In some circumstances replacement cost may be the proper measure of damages for the destruction of a tree. *Moulton v. Groveton Papers Co.*, 114 N.H. 505, 512-13, 323 A.2d 906, 911 (1974). However RSA 539:1 takes the value of the tree by itself. *See* H. Falk, Jr., Timber and Forest Products Law 109 (1958). The severity of the statutory penalty varies with the productive quality of the tree. The statute's purpose of protecting marketable resources is further manifest in RSA 539:2, which provides identical penalties for trespasses involving mill logs. *See also* RSA 539:3 and :4. These statutes are punitive. *Morrison v. Bedell*, 22 N.H. 234 (1850); *Smith & Sargent v. Company*, 78 N.H. 152, 97 A. 872 (1916). Although the penalty

will frequently provide full compensation for the injury suffered, the statute does not command this result. The proper basis for computing the penalty is the value of the tree. *See Beede v. Lamprey,* 64 N.H. 510, 15 A. 133 (1888); *Wallace v. Goodall,* 18 N.H. 439 (1846); C. McCormick, Damages 491 *et seq.* (1935); Annot., 69 A.L.R.2d 1335 (1960). Because the trial court used the replacement cost in assessing treble damages under this punitive statute, there must be a new trial on this issue.

Where a tree is valuable principally as a marketable commodity, the penalty provided by RSA 539:1 fully compensates the plaintiff for its loss. But where a tree confers other benefits on the plaintiff in the enjoyment of his property, he may join a count for compensatory damages with his count to recover the statutory penalty. *Morley v. Clairmont,* 110 N.H. 12, 259 A.2d 136 (1969). The ordinary measure of damages in these circumstances is the difference between the value of the land before the harm and the value after the harm. Restatement (Second) of Torts § 929 (Tentative Draft No. 19 (1973)). In this case the plaintiff introduced evidence of special circumstances which might justify the award of the replacement cost of an eighteen-inch maple. *Moulton v. Groveton Papers Co.,* 114 N.H. 505, 512-13, 323 A.2d 906, 911 (1974). The plaintiff may amend his declaration to include a claim for the replacement cost less the basic value of the tree used in computing the statutory penalty.

*Defendant's exceptions sustained in part and overruled in part; remanded.*