Rockingham
No. 7773

ERNEST S. WOODBURN

v.

ASA CHAPMAN

October 31, 1977

*Sanders & McDermott,* of Hampton, and *Mr. Wilfred L. Sanders, Jr.* (*Mr. Sanders* orally), for the plaintiff.

*Casassa, Mulherrin & Ryan,* of Hampton, and *Peter J. Saari* (*Mr. Saari* orally), for the defendant.

PER CURIAM. This case is before us for the second time. The original action was one in trespass to recover a penalty under RSA 539:1, which provides for the forfeiture of multiple damages against one who wilfully cuts down any tree standing on the land of another. After the original trial of this action, the Court (*Cann, J.*) gave judgment for the plaintiff. In assessing treble damages under the statute, the court used the amount that it would cost the plaintiff to replace a maple tree similar to the one cut by the defendant.

In *Woodburn v. Chapman,* 116 N.H. 503, 363 A.2d 197 (1976), we held that the proper basis for computing the statutory penalty is to take "the value of the tree by itself." Because the trial court employed the measure for compensatory damages, as opposed to the value of the tree, in assessing treble damages under the statute, we remanded the case for a new trial on the issue.

On remand plaintiff's expert testified that the value of the tree by itself was $2,173. He arrived at this estimate by deducting from the replacement cost of the tree the cost associated with digging, transporting, and replanting the tree, thus arriving at an estimate of the value of the tree by itself. No other evidence was introduced at trial on the tree's value and the trial court employed plaintiff's estimate in assessing treble damages under RSA 539:1.

The defendant excepted to the use of this evidence, assigning as his reason that in assessing treble damages under the statute the tree's stumpage value must be used. The defendant contends that the statute is designed to protect marketable timber and that only the tree's value as timber should be used in computing the penalty. Since the plaintiff produced no evidence on the tree's stumpage value, defendant contends that there can be no recovery under the statute.

RSA 539:1 provides in pertinent part: "Whoever shall cut, . . . wilfully and unlawfully, any tree . . . standing . . . on the land of another person . . . shall forfeit to the person injured, for every pine or other timber tree so cut, . . . five times the value thereof; for every other tree or log of greater dimension than one foot in diameter, five dollars and three times the value thereof; for every other tree or log of the dimension of one foot in diameter, five dollars; and for every tree, log or pole less than one foot in diameter, three dollars; and for any other wood, underwood, timber or bark, three times the value thereof."

In *Woodburn v. Chapman supra,* we were confronted with the issue of whether the normal measure of compensatory damages should be employed in applying the statutory. formula. We held that the purpose of the statute was to protect marketable resources by providing a forfeiture, and that the value of the tree, rather than the measure for compensatory damages, should be used in computing the penalty. We also held that where this amount is inadequate to compensate the plaintiff because the tree had value to the plaintiff other than as a marketable commodity, the plaintiff could join a count for compensatory damages with his count to recover the statutory penalty.

■    The statute applies to "[w]hoever shall cut, . . . *any* tree . . ." (Emphasis added.) The statute's application is not restricted to trees having a stumpage value; it applies to any tree whether its value is as timber or some other marketable commodity.

■■    In applying RSA 539:1, it is not required that the measure of the tree's value be restricted to its stumpage value. Annot., 161 A.L.R. 549, 585 (1946). Where the tree is valuable only as timber, stumpage value will be the actual value of the tree and should be employed in assessing the penalty. *Beede v. Lamprey,* 64 N.H. 510, 15 A. 133 (1888); *Bailey v. Hayden,* 65 Wash. 57, 117 P. 720 (1911). This rule obviously cannot be applied to fruit, shade, and ornamental trees which have a measurable value but no stumpage value. *Barker v. Publishers' Paper Co.,* 78 N.H. 571, 103 A. 757 (1918); *Lucas v. Morrison,* 286 S.W.2d 190 (Tex. Civ. App. 1956); H. Falk, Jr., Timber and Forest Products Law 109–110 (1958). The trial court determined the value of the tree by subtracting from its replacement cost the cost associated with digging, transporting, and planting the tree. This was an appropriate method of arriving at the "value of the tree by itself." *Woodburn v. Chapman,* 116 N.H. 503, 363 A.2d 197 (1976); *see Hovey v. Grant,* 52 N.H. 569 (1873); *Adams v. Blodgett,* 47 N.H. 219 (1866). C. McCormick, Law of Damages § 44 (1935).

■■    Where the tree has value on the plaintiff's land beyond its intrinsic value as a commodity, the plaintiff may join a count for compensatory damages with his count to recover the statutory penalty. *Woodburn v. Chapman supra.* In this case the plaintiff introduced evidence that the tree had special value as a boundary marker which warranted the trial court in awarding $577 as com-

pensatory damages in addition to the statutory penalty. *See Moulton v. Groveton Papers Co.*, 114 N.H. 505, 323 A.2d 906 (1974).

*Defendant's exceptions overruled.*

DOUGLAS, J., did not sit; GRIMES, J., dissented, the others concurred.