Rockingham
No. 79-362

## LAURETTA M. HYNES & a.

v.

## LINCOLN A. WHITEHOUSE AND FLETCHER PERKINS

June 12, 1980

*Dunn & Hilliard*, of Concord (*Russell F. Hilliard* orally), for the plaintiffs.

*Holland, Donovan, Beckett & Welch*, of Exeter (*Robert B. Donovan* orally), for the defendant Perkins.

BOIS, J. The defendant, Fletcher Perkins, appeals from an adverse judgment in an action to recover the value of timber removed from the plaintiffs' land as well as other damages caused by the trespass. The Master (*Mayland H. Morse*, Esq.) found the value of the trees taken to be $1,500 and recommended that a verdict be entered for $7,500 based on the statutory penalty prescribed by RSA 539:1 (Supp. 1979). He further recommended that compensatory damages for the trespass be awarded in the amount of $2,500. The defendant seasonably excepted to various findings and rulings; all questions of law raised thereby were reserved and transferred by *Mullavey*, J., who approved the master's report. We affirm.

The principal issue presented is whether the evidence supports the master's finding that Perkins "wilfully and unlawfully" cut and carried away timber under RSA 539:1 (Supp. 1979), which provides in part: "[w]hoever shall cut . . . or carry away, *wilfully and unlawfully*, any tree, timber . . . standing . . . on the land of another person . . . shall forfeit . . . 5 times the value thereof . . . ." (Emphasis added.)

The defendant Lincoln Whitehouse owns approximately 50 acres of land which abuts and lies to the north and east of the plaintiffs' 22 acres of unimproved timber land. The defendant Fletcher Perkins contracted for the purchase of the Whitehouse timber. He commenced his lumber operation and proceeded to harvest not only the trees on the Whitehouse tract but also 15.5 acres of the plaintiffs' property. Perkins claims that Whitehouse incorrectly identified his property lines while walking the boundaries of his land and that fault, if any, must rest with Whitehouse. The master disagreed, and in accordance with his recommendation, the court entered a verdict for Whitehouse.

The record shows that at no time did Perkins attempt to verify

the property lines or utilize the deeds provided by Whitehouse to verify common bounds. While the northerly boundary between the tracts was not marked, the remainder of the plaintiffs' lot was bounded by stone walls. Whitehouse testified that he had instructed Perkins not to break through any stone walls.

The record also shows that during the course of the operation, Perkins set up his portable sawmill on the plaintiffs' property and breached walls to accommodate access roads to the cut timber. There was testimony that, shortly after the lumbering began, the husband of one of the plaintiffs notified Perkins that he was trespassing and showed him the plaintiffs' deed. Although Perkins indicated that he would cease cutting, he did not. The master viewed the premises and found that the northerly boundary was capable of being readily located by the presence of stone walls and ground monuments. He further found that there was adequate access from a public road to Whitehouse's lot without the necessity of using the plaintiffs' land.

To subject a party to the penalty provisions of RSA 539:1 (Supp. 1979), it must appear that the act was done knowingly and wilfully and not through accident or mistake. *See Batchelder v. Kelley,* 10 N.H. 436 (1839). "This statute traces its ancestry to the act of February 15, 1791; it has scarcely been changed in more than a century." *Woodburn v. Chapman,* 116 N.H. 503, 504, 363 A.2d 197, 198 (1976). (Citations omitted.)

Willfulness and knowledge are difficult to prove. However, both the continued cutting by Perkins after notice of the disputed boundary and the breaching of the stone walls can properly be considered as evidence that this act was willful and intentional. *See Morley v. Clairmont,* 110 N.H. 12, 259 A.2d 136 (1969). Reasonable inferences may also be drawn from the evidence to support a finding of willfulness and knowledge. *Woodburn v. Chapman,* 116 N.H. 503, 504, 363 A.2d 197, 198 (1976). "When findings depend upon debatable inferences deducible from the evidentiary facts, we cannot hold as a matter of law that there was error." *Ballou v. Ballou,* 118 N.H. 463, 466, 387 A.2d 1169, 1170 (1978).

"Credibility as well as weight given to testimony is a question of fact for the court and if the findings could reasonably be made on all the evidence they must stand." *Gordon v. Gordon,* 117 N.H. 862, 865-66, 379 A.2d 810, 813 (1977); *see Archambault v. Adams,* 118 N.H. 634, 638, 392 A.2d 139, 142 (1978). On the issue

of the defendant's credibility, the master found it significant "that while the filing of the intent to cut on July 1, 1974, by Perkins with [town and state authorities] . . . for timber tax purposes [RSA ch. 79] related to 10 acres . . . a return filed November 5, 1974 . . . recited a [sic] 158,283 board feet removed. . . . A total of 160,310 board feet was sold and delivered by him. . . . [H]e acknowledges in testimony . . . that he cut 72 acres it [sic] 'didn't bother me I was reporting on only ten.' This is consistent with his indifference and disregard for the rights of others."

■ ■   A master's findings and rulings will be upheld when the record discloses sufficient evidence to support them, *Bourgeois v. Town of Bedford*, 120 N.H. 145, 412 A.2d 1021 (1980); *Merchants National Bank of Manchester v. Town of Exeter*, 120 N.H. 157, 412 A.2d 1016 (1980); *Erin Food Services, Inc. v. 688 Properties*, 119 N.H. 232, 401 A.2d 201 (1979), and they are not erroneous as a matter of law. *Brown v. Mary Hitchcock Memorial Hosp.*, 117 N.H. 739, 378 A.2d 1138 (1977). The record reveals that the defendant was an experienced timber cutter who had been in business for about 20 years and was familiar with the area in question. We hold that the evidence supports the master's finding "that the defendant Perkins wilfully and unlawfully cut trees of the plaintiffs and that the provisions of RSA 539:1 apply to his actions."

The defendant Perkins next alleges that the amount awarded as compensatory damages was unlawful because the plaintiffs failed in their burden of proof.

■ ■   While the statutory penalty will frequently provide full compensation for the injury suffered, the statute does not command this result. *Morley v. Clairmont supra; Woodman v. Chapman supra*. The master found that the punitive provisions of the statute did not provide full compensation for the injury suffered. Conflicting testimony was presented concerning loss in value of the plaintiffs' property. The master found additional elements of compensation to include the development and use of the logging roads, uncleared slash and debris, breaks in stone walls, diminution in market value due to the clear cutting in the mill area and for the unwarranted operation of his sawmill long after notification.

■   "Although several different reasonable calculations of damages could have been reached based on the evidence presented, it is not our function to evaluate the facts and determine the

damages as if we were sitting as the trier of fact." *Sargent Lake Ass'n v. Dane*, 118 N.H. 720, 722, 393 A.2d 559, 561 (1978). As there was sufficient evidence before the court to support the award of compensatory damages, we will not disturb the result.

*Exceptions overruled.*

All concurred.