Carroll
No. 81-345

EARLE C. PEASLEE *& a.*

v.

WALTER L. KOENIG d/b/a
NEW HAMPSHIRE FOREST DEVELOPMENT ASSOC.

September 10, 1982

*Schroeder & McLetchie*, of Ossipee (*Robert H. Schroeder* on the brief and orally), for the plaintiffs.

*Branch & Greenhalge, P.A.*, of Concord (*Robert D. Branch* on the brief and orally), for the defendant.

PER CURIAM.   The plaintiffs, Earle C. Peaslee, and Margaretta B. Peaslee, brought this action against the defendant, Walter L. Koenig d/b/a New Hampshire Forest Development Assoc., to quiet title to real property located in Sandwich, New Hampshire and to enjoin the defendant from cutting timber on the property. Additionally, the plaintiffs sought damages for timber that had

already been cut. *See* RSA 539:1 (Supp. 1981). A Master (*Harold D. Moran*, Esq.) recommended that the plaintiffs be awarded damages, and this was approved by the Trial Court (*Wyman*, J.). The defendant appeals. We affirm.

In 1975, the defendant constructed an access road from his property to the land in dispute and commenced cutting timber on the land. Between December 1979 and February 1980, the defendant cut approximately 404 cords of pulp, together with additional amounts of hemlock and pine. The plaintiffs claim ownership to the disputed land by virtue of a 1961 deed from Fred A. Bickford. The plaintiffs had marked their boundaries and informed the police that the defendant was trespassing. The police chief warned the defendant not to trespass on the land. The defendant claims ownership through a 1952 deed from one Leavitt. The master determined that neither deed conclusively supported either of the parties' claims. After a view of the land and a full hearing, however, the master concluded that the plaintiffs owned the land.

The master awarded damages as provided in RSA 539:1 (Supp. 1981) which states that "[w]hoever shall cut . . . willfully and unlawfully . . . any . . . timber . . . being on the land of another person . . . shall forfeit to the person injured, for every pine or other timber tree so cut . . . 5 times the value thereof; and shall be guilty of a misdemeanor."

■ The defendant argues that the provisions of RSA 539:1 (Supp. 1981) presently require proof beyond a reasonable doubt that the defendant committed the unlawful act. We disagree. In 1977, the legislature revised that statute by adding the provision making the offense a misdemeanor. The defendant argues that this revision changed the statute from a civil statute to a criminal one. The legislature did not eliminate the civil penalty, but rather added a criminal penalty. Referring to the revision, Senator Bradley stated: "Under existing laws there is a civil penalty . . . for anyone who willfully . . . cuts down . . . another persons [sic] timber . . . . [T]his statute is also adding a criminal penalty so that the trespasser could be arrested and held both for the criminal and civil provisions." N.H.S. JOUR. 991 (1977). In this case, the defendant was not arrested and tried under the criminal provision of the statute. Rather, the plaintiffs elected to bring their claim under the civil provisions of the law. Therefore, the master did not err in applying the civil burden of proof instead of the criminal burden of proof.

■ Having concluded that the statutory damages did not fully compensate the plaintiffs for their loss, the master also awarded

compensatory damages. The defendant contends that it was error for the master to award compensatory damages in this case. We disagree. In *Woodburn v. Chapman*, 116 N.H. 503, 363 A.2d 197 (1976), we held that the penalty provided for in RSA 593:1 was intended to protect trees as a marketable resource. We also held that if trees confer other benefits on the plaintiff in the enjoyment of his property, a plaintiff could join a count for compensatory damages with his count to recover the statutory penalty. *Id.* at 504–05, 363 A.2d at 198. Similarly in *Hynes v. Whitehouse*, 120 N.H. 417, 415 A.2d 876 (1980), we upheld an award of compensatory damages and noted several elements for which a plaintiff could receive compensatory damages. *Id.* at 421, 415 A.2d at 878.

Both *Hynes* and *Woodburn* indicate that the ordinary measure of compensatory damages is the difference between the value of the land before the harm and the value of the land after the harm. 120 N.H. at 421, 415 A.2d at 878; 116 N.H. at 505, 363 A.2d at 198–99. In *Hahn v. Hemenway*, 96 N.H. 214, 215–16, 72 A.2d 463, 464 (1950), we held that when a plaintiff is entitled to damages measured by the difference between the value of real estate before a trespass and after a trespass, the reasonable cost of restoring the land to its original position is the measure of damages. *Id.* at 216, 72 A.2d at 464. In the present case there was testimony that the cost to "windfall slash" was $1,345.00, the cost to dispose of the slash was $9,150.00, and the cost of replanting trees was $2,500.00. The master found that replanting trees was "unnecessary," and that the other costs were inflated. Consequently, he awarded $4,199.92 as compensatory damages in addition to the damages provided for by statute. There was sufficient evidence to support the master's findings that it would cost $4,199.92 to partially restore the land to its original position. Consequently, we will not disturb the master's findings.

The defendant argues that in assessing the value of timber cut, the master should have reduced the total amount because some of the timber was cut on land owned by the defendant. We disagree. The plaintiffs' request for admission of facts which stated that all wood cut was from the plaintiffs' land, was granted pursuant to Superior Court Rule 54. The defendant's failure to answer the request within thirty days was a sufficient basis for the admission of the facts as stated. *See* Superior Ct. R. 54; *cf. Brodowski v. Supowitz*, 122 N.H. 694, 695, 448 A.2d 430, 431 (1982) (failure to enter appearance constitutes default under Superior Court Rules 14 and 131). Furthermore, the master did not err in refusing the defendant's motion to strike the granting of the plaintiffs' request

for admission. There is no evidence to indicate that the defendant's failure to answer the demand within thirty days was "due to accident, mistake or misfortune. . . ." *See id.* at 695, 448 A.2d at 431 (quoting Preface to Superior Court Rules).

█ The defendant submits that the master erred in concluding that the defendant committed a willful trespass. We disagree. The master concluded "that the defendant had no reasonable basis to interpret his deed as including the disputed area and that he did not publicly claim title thereto until 1975. . . ." Further, the master found that the plaintiffs had claimed title to the disputed land by exercising "continuous open and notorious . . . control . . . from 1946 on," and that the plaintiffs had marked off their boundaries to the land at issue. These findings alone were sufficient to justify the master's conclusion that the defendant's trespass was willful. The defendant's disregard of the police chief's warning to cease trespassing on the disputed land was another indication of the willfulness of the trespass.

*Affirmed.*